■ POGO HOLDING CORPORATION, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant.—In an action on two fire insurance policies, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated September 6, 1978, as denied its motion for summary judgment. (The order also denied the plaintiff's cross motion for summary judgment.) Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and the defendant's motion for summary judgment dismissing the complaint is granted, unless, within 30 days after service upon plaintiff of a copy of the order to be made hereon, together with notice of entry thereof, the plaintiff shall comply with the policy provisions at issue. In the event that plaintiff complies, then order affirmed insofar as appealed from, without costs or disbursements. The action is brought to recover for loss due to fire under two policies of insurance issued by the defendant to the plaintiff covering premises in Far Rockaway, New York. The policies, following section 168 of the Insurance Law, provided that the insured shall, "as often as may be reasonably required * * * submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers * * * at such reasonable time and place as may be designated by this Company or its representative". Under this provision, an examination under oath of the plaintiff's treasurer and 50% stockholder was held on June 17, 1975. Thereafter the transcript of the examination was not signed or returned by the plaintiff's officer, although the defendant requested it. The defendant also requested that plaintiff's president and 50% stockholder be produced for examination under oath,

and that he bring certain books and records of the plaintiff in his possession. The plaintiff did not comply with either request. The failure to comply with the quoted provision of the policies is a material breach *(Hallas v North Riv. Ins. Co. of N. Y.,* 279 App Div 15, 16, affd 304 NY 671; *Mortgagee Affiliates Corp. v Commercial Union Ins. Co. of N. Y.,* 27 AD2d 119, 121-122; see, also, *Claflin v Commonwealth Ins. Co.,* 110 US 81, 91-95; cf. *Hudson Tire Mart v Aetna Cas. & Sur. Co.,* 518 F2d 671, 674). The plaintiff has not satisfactorily explained its failure to fulfill its obligations under the policies. Nevertheless, in the perspective of this case, we are reluctant to exact the extreme penalty of the dismissal of the action, without affording the plaintiff the last opportunity to perform in accordance with the policies' provisions (see *Mortgagee Affiliates Corp. v Commercial Union Ins. Co. of N. Y., supra,* p 122; cf. *C-Suzanne Beauty Salon v General Ins. Co. of Amer.,* 574 F2d 106). Hence, summary judgment is granted dismissing the action, unless within 30 days after service upon the plaintiff of a copy of the order to be made hereon, together with notice of entry thereof, the plaintiff shall comply with the policies' provisions. The plaintiff's cross motion for summary judgment was properly denied. Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.