■ CATALOGUE SERVICE OF WESTCHESTER, INC., et al., Respondents, v INSURANCE COMPANY OF NORTH AMERICA, Appellant.—In an action, *inter alia,* on a policy of fire insurance, defendant appeals from an order of the Supreme Court, Westchester County, dated April 13, 1979, which denied its motion for summary judgment based upon the affirmative defense of plaintiffs' breach of contract, or, in the alternative, for summary judgment dismissing causes of action three through seven which demand punitive damages or allege prima facie tort. Order reversed, on the law, with $50 costs and disbursements; that part of defendant's motion which is for summary judgment dismissing causes of action three through seven is granted; that part of the motion which is for summary judgment dismissing the entire complaint is granted, unless within 30 days after service upon plaintiffs of a copy of the order to be made hereon, together with notice of entry thereof, the plaintiffs shall comply with the policy provision at issue. In the event that plaintiffs comply, then order modified to grant defendant summary judgment dismissing causes of action three through seven and as so modified, order affirmed, with $50 costs and disbursements to defendant. The law is well settled that the failure to comply with a policy provision requiring submission to an examination under oath, as often as may reasonably be required, is a material breach and will preclude an action to recover on the contract. *(Mortgagee Affiliates Corp. v Commercial Union Ins. Co. of N. Y.,* 27 AD2d 119.) Plaintiffs' failure to submit to a second examination, as agreed to at the close of the first examination, constituted a failure to fully comply with their obligations. (See *Hallas v North Riv. Ins. Co. of N. Y.,* 279 App Div 15, 16, affd 304 NY 671.) Contrary to the assertion first raised on appeal, the failure to pay plaintiffs' claim within 60 days of submission of proof of claim is not a breach of contract. The pertinent language, lines 150-156 of the standard fire policy required by section 168 of the Insurance Law, provides that payment must be made within 60 days after submission of proof of loss "and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided." Not having reached agreement on the amount of loss, an obstacle, apparently in part the result of plaintiffs' dilatory actions, defendant was not obligated to make payment; plaintiffs' refusal to continue the examination was unjustified. However, in light of the expiration of the Statute of Limitations, we are of the opinion that the complaint should not be dismissed in its entirety without first affording the plaintiffs an opportunity to cure the breach. Hence, summary judgment is granted dismissing the action, unless within 30 days after service upon the plaintiffs of a copy of the order to be made hereon, together with notice of entry thereof, the plaintiffs shall comply with the provision (see *Pogo Holding Corp. v New*

*York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). In addition, we are constrained to grant defendant's motion for summary judgment dismissing those causes of action (three through seven) seeking either punitive damages or damages for prima facie tort. It should be noted that a demand for punitive damages does not amount to a separate cause of action in a complaint. *(M.S.R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858.) Moreover, on a substantive basis, punitive damages are awardable, not for "an isolated transaction incident to an otherwise legitimate business, but [for] a gross and wanton fraud upon the public." *(Walker v Sheldon,* 10 NY2d 401, 406; *M.S.R. Assoc. v Consolidated Mut. Ins. Co., supra.)* Allegations of breach of an insurance contract, even a breach committed willfully and without justification, are insufficient to authorize recovery of punitive damages. *(Walker v Sheldon, supra; Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427; *Thaler v North Riv. Ins. Co.,* 63 AD2d 921; *M.S.R. Assoc. v Consolidated Mut. Ins. Co., supra.)* The allegation of malicious conduct, necessary to support a cause of action for prima facie tort, is unsupported by factual allegations. (See *John C. Supermarket v New York Prop. Ins. Underwriting Assn.,* 60 AD2d 807.) Defendant's motion to dismiss causes of action three through seven must be granted. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.