(June 10, 1980)

■ LENTINI BROTHERS MOVING & STORAGE CO., INC., Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, et al., Defendants.—Order of the Supreme Court, New York County, entered January 25, 1980, which granted summary judgment to defendant-respondent New York Property Insurance Underwriting Association on defendant-respondent's second and fourth affirmative defenses, affirmed, with costs and disbursements. In this action, plaintiff, appellant herein, seeks to recover $500,000 for alleged breach of two contracts of insurance. The complaint

alleges that personal property owned by plaintiff and insured by defendants was destroyed by fire. Defendant-respondent, hereinafter referred to as defendant, issued one policy, in amount of $200,000. Excess coverage of $300,000 was issued by the other defendants, who are not concerned with this appeal. The fire occurred December 8, 1976. Defendant proceeded to investigate the claim. As the matter was still unresolved 10 months after the fire, plaintiff on October 6, 1977 commenced this action in order to protect its rights under the policy, which provided that an action thereon must be commenced within 12 months after the loss occurred. On October 26, 1977, defendant wrote to plaintiff forwarding proof of loss forms for completion and return, duly sworn and in addition requiring plaintiff to appear for an examination under oath on November 22, 1977. Plaintiff did not complete and return the forms or appear for the examination as scheduled or request or obtain an adjournment thereof. Defendant amended its answer to assert as second and fourth affirmative defenses that plaintiff failed to comply with the requirements of the policy and section 168 of the Insurance Law in that plaintiff did not render written proofs of loss and appear for examination under oath as demanded. Thereafter, pursuant to notice under CPLR 3102, plaintiff appeared for examination before trial. During the course of the deposition plaintiff stipulated in open court "that a proper demand was made for the sworn proofs of loss and also for the examination under oath [which had been scheduled for November 22, 1977] and the insured, number one, did not submit itself to an examination under oath and, number two, did not file the sworn proofs of loss as demanded." Defendant then moved for summary judgment, contending that the failure of plaintiff to comply with each of these demands is an absolute defense to the action. Special Term agreed. In this appeal, plaintiff argues that the breaches were "technical and unimportant" as plaintiff subsequently submitted to "extensive deposition * * * answered two sets of interrogatories and twice submitted to discovery and inspection of massive quantities of documents" and as "defendant conducted a thorough investigation of the claim without a written proof of loss." Plaintiff asserts, in addition, that there are questions of fact as to whether defendant waived the aforementioned policy requirements and whether defendant is estopped from raising the affirmative defenses upon which defendant's motion is grounded. We find plaintiff's position untenable. Defendant was entitled to summary judgment. The policy, a standard fire insurance contract issued pursuant to section 168 of the Insurance Law specifies: *"within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss,* signed and sworn to by the insured * * * The insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers * * * at such reasonable time and place as may be designated by this Company or its representative". Pertinent to the policy provision concerning the rendering of proof of loss is section 172 of the Insurance Law, which states: "Property insurance; proofs of loss; * * * 1. The failure of any person insured against loss or damage to property under any contract of insurance, * * * covering property located in this state, to furnish proofs of loss to the insurer or insurers as specified in such contract shall not be deemed to invalidate or diminish any claim of such person under such contract, unless such insurer or insurers shall, after such loss or damage, give to such person insured a written notice that it or they desire proofs of

loss to be furnished by such person to such insurer or insurers and also a suitable blank form or forms for such proofs of loss. If the person insured shall furnish proofs of loss within sixty days after the receipt of such notice and such form or forms, or within any longer period of time specified in such notice, such person shall be deemed to have complied with the provisions of such contract of insurance relating to the time within which proofs of loss are required. Neither the giving of such notice nor the furnishing of such blank form or forms by the insurer shall constitute a waiver of any stipulation or condition of such contract, or an admission of liability thereunder." Plaintiff's failure to furnish written proofs of loss as required by the insurance contract and demanded by defendant (Insurance Law, § 172) is an absolute defense to the action (Insurance Law, § 168; *Quinlan v Providence Washington Ins. Co.,* 133 NY 356, 362; *Gallin v Allemannia Fire Ins. Co.,* 184 App Div 876, 879-880, affd 230 NY 547; *Canova v Cooperative Fire Ins. Co. of Catskill,* 2 AD2d 679; *Peabody v Satterlee,* 166 NY 174, 179-180). The fact that defendant did not request written proofs of loss until after the action was commenced did not nullify plaintiff's contractual obligation to complete and submit such forms upon defendant's request (cf. *Jeanice Fabrics v American Home Assur. Co.,* NYLJ, March 13, 1980, p 14, col 3). Further, plaintiff's failure to appear for examination under oath on November 22, 1977, as required by the insurance contract and demanded by defendant is an absolute defense (Insurance Law, § 168; see *Claflin v Commonwealth Ins. Co.,* 110 US 81, 91; see, also, *Gross v United States Fire Ins. Co.,* 71 Misc 2d 815, 817; *Hallas v North Riv. Ins. Co. of N. Y.,* 279 App Div 15, 16, affd 304 NY 671; *Restina v Aetna Cas. & Sur. Co.,* 61 Misc 2d 574, 577-578). Plaintiff's compliance with defendant's subsequent demand, for examination before trial under CPLR 3102, did not cure plaintiff's contractual default in failing to appear for the examination on November 22, 1977 (see *Waugh v Fireman's Fund Ins. Co.,* 52 Misc 2d 141). Defendant's detailed examination of plaintiff's books and records did not absolve plaintiff from responsibility to comply with the policy requirements as to written proofs of loss and sworn examination when demanded. The obligation of plaintiff to permit examination of its books and records by defendant is independent of its other obligations under the policy and section 168 of the Insurance Law. The policy provides that "No suit or action [thereunder] for the recovery of any claim shall be sustainable * * * unless all the requirements of this policy shall have been complied with". Compliance with the policy provisions is a condition precedent to recovery. No compliance with the provisions as to written proof of loss or sworn examination occurred. Thus, recovery is barred. *(Quinlan v Providence Washington Ins. Co., supra; Gallin v Allemannia Fire Ins. Co., supra; Canova v Cooperative Fire Ins. Co., supra; Peabody v Satterlee, supra.)* Defendant's conduct cannot be equated with waiver or estoppel. When the action was instituted by plaintiff, defendant had no alternative but to defend and pursue all discovery procedures available to it. There is no indication in the record that defendant repudiated its alleged obligation to make payment (see *Sherri v National Sur. Co. of N. Y.,* 243 NY 266, 272-273; see, also, *Beckley v Otsego County Farmers Coop. Fire Ins. Co.,* 3 AD2d 190, 194). Plaintiff was obligated to fulfill its contractual and statutory obligations. The failure to do so entitled defendant to summary judgment. Plaintiff cannot now obviate its default (cf. *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605). Concur—Murphy, P. J., Birns, Lupiano and Bloom, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would

modify to grant summary judgment to the defendants dismissing the action, unless the plaintiff within 30 days complies with the provisions of the insurance policy. It is alleged that there was a substantial insurance loss covered by the policy in this action, in connection with fire damage occurring in Brooklyn at the end of 1976. The language of the policy required sworn proof of loss within 60 days. (See, also, Insurance Law, § 168.) Because of the substantial nature of the claim and the fact that there was also excess coverage, the defendants immediately retained counsel, and for some 10 or 11 months plaintiff supplied various items of proof with respect to the claim. Plaintiff then commenced an action by service of a summons only. Counsel for the New York Property Insurance Underwriting Association requested that the plaintiff file sworn proof of loss and appear for an examination under oath. There was no compliance with this request. (See Insurance Law, § 172.) However, the matter proceeded, and the plaintiff answered interrogatories and was deposed, and there was also discovery. However, this was all done in the litigation and not in compliance with the provisions of the policy. A note of issue and a statement of readiness was filed, and the action was pretried and remanded for calendar assignment. At that stage, the defendants moved to dismiss the complaint on the ground of the failure to appear for examination under oath pursuant to the terms of the policy, and the motion was granted. It would seem that by proceeding with the litigation the defendants waived the requirement of compliance. Counsel would, of course, be authorized so to proceed. (Cf. *Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12.) In the alternative, it could be contended that the equivalent was attained by virtue of the deposition and related discovery proceedings, which, under the circumstances, make the requirement of compliance with the terms of the policy one more of form than of substance. Inasmuch as it is, therefore, mere technical compliance that is involved, we can direct that compliance take place within the next 30 days. (See *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605.)