OPINION OF THE COURT
 

 
 *836
 
 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Insured’s complaint in its action on a fire insurance policy has been dismissed for failure of the insured to file proof of loss or submit to examination by the insurer. Plaintiff stipulated that demand for both proofs and examination was made and not complied with, but points to the fact that the demand came some 10 months after loss and after it had instituted action on the policy in order, it believed, to protect itself against the 12-month limitation period in the policy.
 
 *
 

 This is not a case in which the insured’s attempt to comply has fallen short through some “technical and unimportant omissions or defects” but it could be found to have substantially performed its obligation to co-operate (cf.
 
 Porter v Traders’ Ins. Co.,
 
 164 NY 504, 509). Nor is it a situation in which the insurer, by repudiating liability for the loss, has excused the insured from performance of its obligations
 
 (Beckley v Otsego County Farmers Coop. Fire Ins. Co.,
 
 3 AD2d 190, app dsmd 2 NY2d 990).
 

 While the insurer may not after repudiating liability create grounds for its refusal to pay by demanding compliance with the examination and proof of loss provisions of the policy
 
 (Beckley v Otsego County Farmers Coop. Fire Ins. Co., supra),
 
 neither can the insured insulate itself against co-operation by commencing an action before there has in fact been repudiation of liability by the insurer
 
 (Do-Re Knit v National Union Fire Ins. Co.,
 
 491 F Supp 1334).
 

 The insured’s suggestion that dismissal of the complaint should have been conditional stems from a misinterpretation of the cases upon which it relies.
 
 Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.
 
 (73 AD2d 605), for example, is a case in which the insured had partially performed. Without indicating approval of the holding in that case, we note that it is clearly distinguishable
 
 *837
 
 from the present case, in which no suggestion of a reason for noncompliance is offered. In view of the insured’s unexcused and willful refusal to comply, there is no reason to deny summary judgment dismissing the complaint unconditionally
 
 (Do-Re Knit v National Union Fire Ins. Co., supra;
 
 cf.
 
 Happy Hank Auction Co. v American Eagle Fire Ins. Co., 1
 
 NY2d 534;
 
 Hallas v North Riv. Ins. Co.,
 
 279 App Div 15, affd 304 NY 671; and see Ann., 49 ALR2d 161; 2 NY PJI1068).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 In fact the standard policy was amended prior to issuance of the policy to increase the period to two years (Insurance Law, § 168, subd 5, line 161), and that amendment governed plaintiff’s policy even though not referred to in it
 
 (Hicks v British Amer. Assur. Co.,
 
 162 NY 284).