DYNO-BITE, INC., et al., Respondents, v TRAVELERS COMPANIES et al., Appellants, and BUFFALO ASSOCIATES, Respondent.

Fourth Department, May 27, 1981

APPEARANCES OF COUNSEL

*Dempsey & Dempsey (Helen K. Dempsey* of counsel), for appellants.

*Jaeckle, Fleischmann & Mugel (David J. Calverley* of counsel), for Dyno-Bite, Inc., and another, respondents.

OPINION OF THE COURT

SIMONS, J.

Plaintiffs are lessees and sole occupants of premises located in Cheektowaga, New York and owned by defendant, Buffalo Associates. In early December, 1977 the premises were destroyed by fire of suspicious origin. Plaintiffs sought indemnification for the loss from defendants, their insur-

ance carriers, and when defendants refused to pay the loss they commenced this action to recover on the policies. Defendants' answer to the complaint was a general denial and included affirmative defenses of arson, fraud and failure to co-operate. The narrow issue presented on this appeal is whether an insurer may avoid payment of a fire loss sustained by its corporate insureds because some of the officers of the corporation, claiming a privilege against self incrimination, fail to appear or refuse to testify fully, as the policy requires, at a requested oral examination. Defendants, claiming that such conduct constitutes a breach of the policy's co-operation clause, moved for summary judgment and they now appeal Special Term's denial of their motion.

There should be a reversal. The corporations' noncompliance with the terms and conditions of the policy is unexcused and precludes them from recovery on the insurance contract.

By way of background, the principals in both corporate plaintiffs, Richard Bergman and Nicholas Shosho, have been associated in several business ventures over the years. Before the fire, they formed plaintiff D & N Energy, Inc., to sell wood stoves. Bergman was named president and Shosho vice-president and each owned 50% of the corporate stock. They held similar offices in plaintiff Dyno-Bite, Inc., which operated the Port Shark Discotheque. A third associate, Donald Parrino, was secretary-treasurer of Dyno-Bite, Inc., and the three men owned equal shares of its corporate stock. Parrino was an interior decorator by occupation. He had no prior business association with Bergman or Shosho but had acquired his one-third interest in Dyno-Bite, Inc., without contributing any cash to the enterprise in exchange for his services in decorating the discotheque.

Bergman has been charged with arson in connection with the fire.

On May 4, 1978 defendants served a notice on plaintiffs, Bergman, Shosho and Parrino, requesting them to appear and be examined on plaintiffs' insurance claims.[1] After

---

1. The co-operation clause of the policy provided in language similar to the statutory standard fire insurance policy that the insureds agreed to render
*(n. contd.)*

numerous adjournments, Parrino and Shosho were finally questioned in December, 1978. Defendants claim that the delay in appearing for the examination was willful and that plaintiffs breached the co-operation clause because of it. Plaintiffs maintain, however, that defendants agreed to the adjournments and the issue may not be decided on affidavits (see *Happy Hank Auction Co. v American Eagle Fire Ins. Co.*, 1 NY2d 534, 539). Nevertheless, defendants are entitled to summary judgment because Bergman failed to appear or be examined and because Shosho refused to testify fully on his knowledge of the origin of the fire or his activities prior or subsequent to it. Parrino testified fully but he had little knowledge of the business and no knowledge of the fire or its cause.

A fire insurance policy is nothing more than a contract by the insurer to indemnify the insured against a property loss which it has sustained. Fire policies almost universally require, as a condition precedent to performance of the promise to indemnify, that the insured co-operate with the insurer in the investigation of the fire. The failure of an insured to do so is a material breach of the contract and a defense to a suit on the policy *(Hallas v North Riv. Ins. Co. of N. Y.*, 279 App Div 15, affd 304 NY 671; *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, 761, affd 53 NY2d 835; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.*, 74 AD2d 837; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605). The reason for including a co-operation clause in the policy and for conducting examinations pursuant to it is obvious enough. The company is entitled to obtain, promptly and while the information is still fresh, "all knowledge, and all information as to other sources and means of knowledge, in regard to the facts, material to their rights, to enable them to decide upon their obligations, and to protect them against false claims. And every interrogatory that [is] relevant and pertinent in such an examination [is] material, in the sense that a true answer

---

every assistance in facilitating the investigation and adjustment of the claim and, as often as may be reasonably required, to submit to examination under oath at the demand of The Travelers (see Insurance Law, § 168, subd 5, lines 113-122).

to it [is] of the substance of the obligation of the assured" (*Claflin v Commonwealth Ins. Co.*, 110 US 81, 94-95; see, also, *Hudson Tire Mart v Aetna Cas. & Sur. Co.*, 518 F2d 671, 674). Manifestly, inquiry concerning the insured's knowledge of the cause of the fire and possible arson is relevant and material since arson excuses payment under the policy. To that end, an insurer may demand that the corporate officers and employees appear, be examined and assist in the investigation as the policy requires them to do or that the corporation be precluded from recovering under the policy (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, 761, affd 53 NY2d 835, *supra; Catalogue Serv. of Westchester v Insurance Co. of North Amer.*, 74 AD2d 837, *supra; Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605, *supra; Kisting v Westchester Fire Ins. Co.*, 290 F Supp 141, affd 416 F2d 967).

Plaintiffs have suggested a variety of reasons why the failure of Bergman and Shosho to testify should not prejudice their rights in this case.

First, plaintiffs assert that they have complied with defendants' demand because some of their officers have testified and agree to testify further at a later date. They analyze the duty to co-operate much the same as the legal obligation to submit to discovery under the CPLR. Thus, they maintain that corporate promises to co-operate have been kept and their obligations under the policies have been satisfied because plaintiffs have submitted the only officers willing to testify. The right to examine under the co-operation clause of the insurance policy, however, is much broader than the right of discovery under the CPLR. By its terms, the insured promises to render full and prompt assistance to discover the facts surrounding the loss and anything less results in a breach of contract. Plaintiffs' obligation of co-operation is not met by Shosho's partial testimony (see *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.*, 73 AD2d 605, *supra*), or by promises of evidence to be supplied in some indefinite future when the criminal proceedings are concluded (see *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, 761, affd 53 NY2d 835, *supra*).

Next, plaintiffs contend that it is a question of fact whether plaintiffs may be charged with a failure to co-operate because of the officers' conduct. Special Term thought so. It ruled that a trial was required to determine whether the corporations and the wrongdoers were acting in concert. But that inquiry goes to the substance of defendants' arson defense (see *Kirkpatrick v Allemannia Fire Ins. Co. of Pittsburgh*, 102 App Div 327, affd 184 NY 546; see, generally, 18 Couch, Insurance [2d ed], § 74:670 *et seq.*). It concerns precisely the relevant information which defendants sought to discover by examining plaintiffs through their agents and it is not a reason for foreclosing preliminary investigation. Plaintiffs, as corporations, necessarily co-operate or fail to do so because of the actions of their agents in submitting to the examination. It is only through them that the corporations may assist in the investigation, and if the officers and the shareholders of the corporation acquiesce in the officers' failure to participate in reasonable requests that they be examined concerning the loss, the corporation is properly chargeable with noncompliance.

Plaintiffs point out that the refusal of Bergman and Shosho to testify was based on constitutional grounds. It has been held that an individual may not refuse to be examined on Fifth Amendment grounds without voiding his fire insurance *(Gross v United States Fire Ins. Co.*, 71 Misc 2d 815; *Restina v Aetna Cas. & Sur. Co.*, 61 Misc 2d 574; *Kisting v Westchester Fire Ins. Co.*, 290 F Supp 141, affd 416 F2d 967, *supra;* see, also, *Hudson Tire Mart v Aetna Cas. & Sur. Co.*, 518 F2d 671, *supra)*. A corporation, of course, has no right against self incrimination (see *United States v White*, 322 US 694; *Wilson v United States*, 221 US 361), but a similar rule applies when the individual is a corporate officer testifying as an agent of his employer (see *Kisting v Westchester Fire Ins. Co., supra)*. Plaintiff corporations, having selected Bergman and Shosho as their agents, are bound by the agents' failure to testify on behalf of the corporation even though their refusal to do so was predicated on personal rights against self incrimination.

We agree with plaintiffs that an insurer seeking to avoid payment because of non-co-operation must satisfy a heavy

burden of proof. A distinction may be drawn, however, between a court's natural reluctance to see an accident victim deprived of his source of payment because a liability carrier claims that its assured has failed to co-operate (see *Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159; *Van Opdorp v Merchants Mut. Ins. Co.*, 55 AD2d 810; Insurance Law, § 167), and an indemnity carrier denying payment to its insured because the insured has failed to co-operate in discovering a possible arson (Insurance Law, § 168). The injured accident claimant is an innocent victim of the insured's failure to co-operate. A fire insured, however, controls his own fate and neither an individual insured nor the principals of a corporate insured may use the Fifth Amendment privilege to frustrate the fire insurers' defenses to their action (see *Levine v Bornstein*, 6 NY2d 892).

The order should be reversed, defendants' motion granted and complaint dismissed.

CARDAMONE, J. P., HANCOCK, JR., DENMAN and SCHNEPP, JJ., concur.

Order unanimously reversed, without costs, motion granted and complaint dismissed.