(March 14, 1983)

■ GIUSEPPE BULZOMI et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. — In an action to recover on a fire insurance policy, defendant appeals from (1) an order of the Supreme Court, Nassau County (Christ, J.), dated April 2, 1982, which denied its motion for summary judgment, and (2) so much of a further order of the same court, dated May 18, 1982, as, upon reargument, adhered to the original determination. Appeal from order dated April 2, 1982, dismissed as academic. Said order was superseded by the order dated May 18, 1982, made upon reargument. Order dated May 18, 1982, reversed, on the law, order dated April 2, 1982 vacated, motion granted, and complaint dismissed. Appellant is awarded one bill of $50 costs and disbursements. The policy at issue accords with the standard form required by subdivision 5 of section 168 of the Insurance Law of our State. It contains, *inter alia,* the following condition: "The insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by this Company, and subscribe the same". It further provides that: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with". The plaintiff wife was interviewed by an independent adjuster with respect to the claim under the insurance policy. She was not administered an oath, and did not sign or execute a copy of the transcript. Thereafter, the defendant served plaintiffs with a notice of its intention to exercise its right to examine them under oath. Plaintiffs twice adjourned their appearance, and upon the last date set down for the examination, failed to appear, canceling the event an hour and a half prior to the scheduled time and setting no future date for compliance with defendant's notice. They instituted the instant action one month later. In its answer, defendant asserted three affirmative defenses, namely, failure to co-operate under the terms and conditions of the policy, failure to comply with a condition precedent to suit (the refusal to submit to examination under oath), and fraud. It is well established that the failure to comply with the standard policy provision requiring disclosure by way of submission to an examination under oath, as often as may be reasonably required, as a condition precedent to performance of the promise to indemnify, constitutes a material breach and is a defense to an action on the policy (*Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471, 475; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605, 606). Based upon this record, it cannot be said that the "insured[s'] attempt to comply has fallen short through some 'technical and unimportant omissions or defects' but [they] could be found to have substantially performed [their] obligation to co-operate" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 836). Rather, the record is indicative of a pattern of non-co-operation for which no reasonable excuse for noncompliance has been proffered and in view of the lack of evidence of partial

performance (see *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn., supra*), there is no reason to deny summary judgment dismissing the complaint unconditionally (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra,* p 837). Gibbons, J. P., O'Connor, Brown and Boyers, JJ., concur.