Haamid Azeem et al., Respondents, v Colonial Assurance Company et al., Appellants.

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Hurwitz & Fine, P. C. (James D. Gauthier* of counsel), for appellants.

*Palmer, Greenman & Hurley (Thomas A. Palmer* of counsel), for respondents.

OPINION OF THE COURT

Boomer, J.

In February, 1980, plaintiff Azeem's store was destroyed by fire and in March, 1981, he brought this action to recover under his fire insurance policy. The defendants, insurance companies, moved for summary judgment dismissing the complaint because of the plaintiff's failure to attend an examination under oath as required by the terms of the policy. Special Term granted the motion "unless the plaintiff, Haamid Azeem, makes himself available for examination" within 45 days. The order should be modified to grant the motion unconditionally.

It is undisputed that plaintiff's attorney twice requested and was granted adjournments of the examination. The day before the last adjourned date he told the defendants' attorney that he was not going to produce his client for the examination on the next day, and that he could not tell the reason why. Thereafter, and until responding to the motion for summary judgment, neither plaintiff nor his attorney made any offer to submit plaintiff to an oral examination.

In response to the motion for summary judgment, plaintiff's attorney attempted to excuse plaintiff's appearance at the scheduled examination by stating in his affidavit, "[A]t the time that these requests for oral examinations were made the plaintiff was at certain times incarcerated and at other times under indictment for pending charges which were totally unrelated to the fire loss herein and that plaintiff was unable to be produced for said examination due to the conflict with his Constitutional rights and due to his inavailability for hearing." Plaintiff's attorney concluded his statement by offering to make arrangements to have plaintiff examined at Attica Correctional Facility, where he was then imprisoned.

This statement is insufficient to excuse plaintiff from the performance of the express condition of the insurance contract. Plaintiff was incarcerated only "at certain times". "[A]t other times" he was available but did not submit to the examination because it would "conflict" with his "Constitutional rights". "[A]n individual may not refuse to be examined on Fifth Amendment grounds without voiding his fire insurance" (*Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471, 475). Even if plaintiff had been unavailable at all times because of incarceration, this would not excuse his refusal to tell defendants the reason for his inability to attend the examination so they could have arranged to examine him at his place of incarceration.

Plaintiff's failure to comply with the terms of the policy provision requiring submission to an examination under oath constitutes a material breach of the insurance contract and is an absolute defense to suit on the policy (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, affg 76 AD2d 759; *Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471, *supra*). The

purpose of the clause "is to enable the insurer to obtain all knowledge and facts concerning the cause of the fire and the loss involved while the information is fresh in order to protect itself from fraudulent and false claims" (*Hudson Tire Mart v Aetna Cas. & Sur. Co.*, 518 F2d 671, 674; see *Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d 471, 473-474, *supra*). Plaintiff's proffered willingness to submit to an examination under oath almost a year and a half after the examination was first scheduled and over two years after the fire does not satisfy his contractual obligation of co-operation (see *Dyno-Bite, Inc. v Travelers Cos.*, 80 AD2d 471, 474, *supra; Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, 761, affd 53 NY2d 835, *supra*).

The facts in this case are remarkably similar to those in *Bulzomi v New York Cent. Mut. Fire Ins. Co.* (92 AD2d 878) where the plaintiff's attorney "twice adjourned their appearance [at the examination], and upon the last date set down for the examination, failed to appear, canceling the event an hour and a half prior to the scheduled time and setting no future date for compliance with defendant's notice." The court, in dismissing the complaint unconditionally, stated that the record demonstrated "a pattern of non-co-operation for which no reasonable excuse for non-compliance has been proffered" (*Bulzomi v New York Cent. Mut. Fire Ins. Co.*, 92 AD2d 878, *supra*). Here, plaintiff's attorney twice adjourned the examination, and shortly before the last adjourned date he canceled the examination, refusing to give the reason; he set no future date for compliance and his belated explanation for noncompliance was not a reasonable excuse.

Under the facts of this case, Special Term erred when it conditionally dismissed the complaint. As stated by the Court of Appeals in *Lentini Bros. Moving & Stor. Co.* (53 NY2d 835, 836, *supra*), "The insured's suggestion that dismissal of the complaint should have been conditional stems from a misinterpretation of the cases upon which it relies. *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.* (73 AD2d 605), for example, is a case in which the insured had partially performed. Without indicating approval of the holding in that case, we note that it

is clearly distinguishable from the present case". So, too, is the *Pogo* case distinguishable from the case before us. In *Pogo,* the plaintiff did submit to an examination under oath by its treasurer and 50% stockholder, although not by its president. Here, plaintiff failed to perform any part of his obligation to submit to an examination under oath and he made no attempt to do so. Accordingly, the complaint should have been dismissed without condition.

CALLAHAN, J. (dissenting). We would affirm the order of Special Term. Summary judgment is a drastic remedy and should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Goldstein v County of Monroe,* 77 AD2d 232, 236). On a motion for summary judgment the court must examine the affidavits in the light most favorable to the party opposing the motion (see *Palmerton v Envirogas, Inc.,* 80 AD2d 996). Thus viewed, we believe that the affidavit submitted by plaintiff establishes a reasonable excuse for his failure to appear for examination under oath, viz., that when the requests for examinations were made, plaintiff was under indictment and incarcerated on matters unrelated to this action. Further, plaintiff's attorney offered to arrange to have plaintiff examined at Attica Correctional Facility where he was then confined. We are thus reluctant to impose the extreme penalty of dismissal of his action without affording him an opportunity to comply with the policy provisions (*Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.,* 73 AD2d 605).

In finding that plaintiff failed to comply with the terms of the policy and thus breached his contract with defendant, the majority relies on *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.* (53 NY2d 835). In that case, however, dismissal of the action was predicated not only upon plaintiff's unexcused failure to appear for examination or to request an adjournment, but also its failure to file proof of loss after demand was made. The court held that "[i]n view of the insured's unexcused and willful refusal to comply, there is no reason to deny summary judgment dismissing the complaint uncondition-

ally" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., supra,* p 837). Such "unexcused and willful refusal to comply" is not present here. It is not disputed that plaintiff timely filed a sworn proof of loss. We believe that the reason proffered for plaintiff's failure to appear for examination creates an issue of fact as to its reasonableness (see *Bonus Warehouse v Great Atlantic Ins. Co.,* 93 AD2d 615, 622) and that his offer to arrange for an examination at Attica indicates that his failure to appear was not willful. Inasmuch as the Court of Appeals in *Lentini (supra)* indicated that a delay in complying with policy provisions does not under all circumstances bar recovery, we believe plaintiff should be allowed to submit to examination under oath.

HANCOCK, JR., J. P., and MOULE, J., concur with BOOMER, J.; CALLAHAN and DENMAN, JJ., dissent and vote to affirm in an opinion by CALLAHAN, J.

Order modified, and as modified affirmed, without costs, in accordance with opinion by BOOMER, J.