■ JOHN A. CARAMANICA, Respondent, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, Intervenor Respondent, v STATE FARM FIRE AND CASUALTY COMPANY, Appellant.

Special Term erred in holding that appellant's moving papers were insufficient to grant its cross motion for summary judgment. While an affirmation by an attorney who does not have personal knowledge of the essential facts is insufficient (*David Graubart, Inc. v Bank Leumi Trust Co.,* 48 NY2d 554), in this case the cross motion was based on the affirmation of an attorney with personal knowledge of the facts. The cross motion was based on the contentions that appellant's attorneys had asked plaintiff to submit to an examination under oath pursuant to the parties' standard fire insurance contract and that plaintiff had failed to do so (*see,* Insurance Law § 3404 [e], lines 113-117, 157-160, formerly Insurance Law § 168 [5]). An associate of the very firm which sought this examination under oath affirmed that plaintiff had never submitted to it. Here, it was the attorneys, rather than the party, that had first-hand knowledge of the

pertinent information. The letter requesting the examination was annexed as an exhibit to the affirmation and is sufficient to make a prima facie showing that the request had been made (*see, Zuckerman v City of New York,* 49 NY2d 557, 563).

Respondents have presented nothing other than conjecture and conclusory assertions insufficient to raise any genuine issue of fact in opposition to the cross motion. Plaintiff did not deny knowledge that the examination was requested. Since plaintiff offered "no suggestion of a reason for noncompliance" (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835, 837) after the passage of nearly four years, defendant's cross motion for summary judgment dismissing the complaint should have been granted (*Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). O'Connor, J. P., Weinstein, Brown and Kunzeman, JJ., concur.