■ MOSHE AVERBUCH, Respondent, v HOME INSURANCE COMPANY, a Stock Company, Appellant.—In an action to recover on a fire insurance policy, defendant appeals from so much of an order of the Supreme Court, Suffolk County (Corso, J.), dated October 5, 1984, as only conditionally granted that branch of its motion which was for summary judgment unless plaintiff furnished defendant with certain documents within 30 days of receipt of the order, with notice of entry.

Order reversed, insofar as appealed from, on the law, with costs, by deleting therefrom the provision which only conditionally granted that branch of defendant's motion which was for summary judgment and substituting therefor a provision granting that branch of defendant's motion unconditionally and dismissing the complaint.

The instant action was commenced by plaintiff to recover on a fire insurance policy which covered premises owned by him in Bellport, Suffolk County. The premises were damaged by two separate fires which occurred in June 1983.

The fire insurance policy issued to plaintiff provided in pertinent part as follows:

"4. Your Duties After Loss. In a case of a loss to which this insurance may apply, you shall see that the following duties are performed * * *

"d. as often as we reasonably require:

"(1) exhibit the damaged property;

"(2) provide us with records and documents we request and permit us to make copies; and

"(3) submit to examination under oath and subscribe the same."

After a preliminary investigation by the defendant insurer disclosed that the fires in June 1983 were incendiary in nature, plaintiff appeared for an examination under oath conducted by the defendant on November 22, 1983. Despite being warned by defendant's attorney that a refusal to answer material and relevant questions might lead to a disclaimer under the policy by the defendant, plaintiff refused to answer several patently material questions posed by defendant's counsel including, *inter alia,* questions relating to the condition of the premises prior to the fires and plaintiff's financial status at that time. Despite two subsequent warning letters sent by defendant's counsel to plaintiff's counsel in December 1983 and January 1984, plaintiff (1) continued in his refusal to supply the answers to these material questions and (2) also failed to supply, in contrast to his promises at the examination under oath, an itemized list of expenditures alleged to have been made on the premises, along with any available documentation thereof.

Shortly thereafter the instant action was commenced, and after joinder of issue, defendant moved, *inter alia,* for summary judgment based on plaintiff's failure and refusal to answer material questions at his examination under oath, and to supply defendant with material information and documentation.

Special Term granted that branch of defendant's motion which was for summary judgment unless plaintiff supplied defendant with the following documents:

"1. An itemized list of all work done to the building during the initial period after Mr. Averbuch acquired it and the amount that was spent for each particular item.

"2. Copies of any available receipts, invoices or other documentation concerning work done to the building during the initial period.

"3. A copy of Mr. Averbuch's 1982 Federal Income Tax return."

In our view, the branch of defendant's motion which was for summary judgment should have been granted unconditionally.

The record herein demonstrates a pattern of noncooperation with the insurer for which no reasonable excuse was proffered. Under these circumstances, the plaintiff's willful refusal to answer material and relevant questions on his examination under oath by defendant and to supply material and relevant documentation constituted a breach of substantial conditions of the policy (see, Hallas v North Riv. Ins. Co., 279 App Div 15, 16, affd 304 NY 671; accord, Dyno-Bite, Inc. v Travelers Cos., 80 AD2d 471, 473; Williams v American Home Assur. Co., 97 AD2d 707, affd 62 NY2d 953).

Accordingly, that branch of the defendant's motion which was for summary judgment should have been granted unconditionally (Williams v American Home Assur. Co., supra; Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn., 53 NY2d 835). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.