■ GAETANA PIZZIRUSSO, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant.—In an action to recover the proceeds of a fire insurance policy, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated April 10, 1987, as, upon granting that branch of its motion which was for summary judgment dismissing the complaint, did so only if the plaintiff failed to comply with the cooperation clauses of the insurance policy within 30 days of the entry of a judgment thereon.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the provision thereof which conditionally granted that branch of the defendant's motion which was for summary judgment is deleted, that branch of the defendant's motion is granted unconditionally, and the complaint is dismissed.

The plaintiff owned property in Commack, New York, which was insured under a fire insurance policy issued by the defendant. On December 11, 1985, the building sustained extensive damage due to a fire and the plaintiff notified the defendant of her claim. Included in the insurance policy was a cooperation clause which required that the insured submit to an examination under oath by the insurer and provide relevant documentation. Full compliance with all of the policy terms was necessary prior to the institution of any lawsuit or action against the defendant.

On June 19, 1986, during the examination under oath of the plaintiff, the plaintiff's attorney objected to a line of questioning, refused to allow the plaintiff to answer, declared that the examination was over, and left with the plaintiff. The defendant's attorney advised the plaintiff and her attorney, prior to their leaving the examination, that the defendant considered the questions to be material and relevant so that a refusal to answer could result in the loss of the plaintiff's rights under the insurance policy.

The plaintiff subsequently commenced this action to recover the proceeds of the policy. After the joinder of issue, the defendant moved, *inter alia,* for summary judgment based upon the plaintiff's failure and refusal to answer material questions at her examination under oath and to provide

material information and documentation. The Supreme Court, *inter alia,* granted the defendant summary judgment unless the plaintiff complied with the subject policy provisions.

We find that that branch of the defendant's motion which was for summary judgment should have been granted unconditionally. The plaintiff's obligation of cooperation was not met by her extremely limited testimony at the examination nor was there any indication that she would cooperate as required in the near future *(see, Dyno-Bite, Inc. v Travelers Cos.,* 80 AD2d 471, *appeal dismissed* 54 NY2d 1027). The plaintiff's willful refusal to answer material and relevant questions constituted a material breach of substantial conditions of the insurance policy *(see, Averbuch v Home Ins. Co.,* 114 AD2d 827).

Accordingly, owing to the plaintiff's unexcused and willful refusal to fulfill her obligations under the policy, that branch of the defendant's motion which was for summary judgment dismissing the complaint should have been granted unconditionally *(see, Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953; *Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.,* 53 NY2d 835). Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.