■ MURRAY EVANS et al., Respondents, v INTERNATIONAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Burton S. Sherman, J.), entered February 5, 1990, which denied defendant's motion for summary judgment on condition that plaintiffs produce records and tax returns requested by defendant, unanimously reversed, without costs, on the law, and defendant's motion for summary judgment is granted. The clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiffs brought an action against the insurer which issued their homeowner's policy to recover the value of jewelry allegedly stolen from their home on December 1, 1986. During the previous three-year period, the plaintiffs had made five similar claims with various insurance carriers. Defendant's policy contained a standard clause requiring the insured to answer questions at an examination under oath, and to produce material and relevant documents in order to assist the insurer in investigating the claim. The defendant asserted as an affirmative defense to the plaintiffs' action that the plaintiffs had breached their policy when, at an examination under oath held on May 22, 1987, plaintiffs willfully refused to answer questions posed by defendant's counsel, and willfully refused to produce records and documents material to the defendant's investigation of the plaintiffs' claim.

The plaintiffs refused to produce their personal and business tax returns (they were in the jewelry business and issued appraisals for most of their own jewelry), and also refused to issue consent or release forms to their prior insurance carriers which would enable the defendant to determine the dates and circumstances of prior claims made by the plaintiffs. It is not contested on this appeal that the plaintiffs' refusal was in violation of their obligation under the insurance contract. The only issue is whether their refusal was "willful" based on their having relied upon the advice of counsel that they need

not answer questions, produce documents, or execute the necessary documents to permit the defendant insurance company to obtain the details of plaintiffs' prior insurance claims.

The court correctly determined that the failure of an insured to cooperate with the insurer in its investigation of a claim constitutes a material breach of the contract of insurance, and is a defense to a suit by the insured on the policy, and further, that the scope of examination under the cooperation clause of a policy is broader than the right of discovery under CPLR article 31. The court also correctly determined that the willful refusal by an insured to answer relevant questions on his examination by the insurer's attorney and to produce appropriate records, including tax and bank account records for himself and his business, where the circumstances of the claim may reasonably appear suspicious, defeats the right of the insurer to obtain relevant information to enable it to decide upon its obligations under the policy and to protect against false claims.

Nevertheless, the IAS court held that in view of the fact that the plaintiffs' refusal to produce their tax and bank records was upon the advice of counsel, there was a "question of fact" as to whether their refusal to produce such records was "willful". The court noted that since the examination was not in conjunction with a pending civil action, the parties could not avail themselves of the usual remedy of applying to the court for a ruling, and that plaintiffs should not be penalized for what turned out, in hindsight, to be erroneous advice by their attorney. Accordingly, rather than subject the plaintiffs to what the court termed were the "harsh sanctions of summary judgment dismissing their complaint", the court determined that the plaintiffs should be afforded another chance to answer questions and to produce the requested records and documents as a condition of denying defendant's motion for summary judgment, citing *Pogo Holding Corp. v New York Prop. Ins. Underwriting Assn.* (73 AD2d 605 [2d Dept 1979]).

This court subsequently declined to follow *Pogo (supra)* and focused instead on the insurer's contractual right to obtain investigatory information promptly, and while the information is still fresh *(Williams v American Home Assur. Co.,* 97 AD2d 707, *affd* 62 NY2d 953). In the instant case, the order permitting plaintiffs one last chance to produce the requested information was entered February 5, 1990, over three years after the claimed loss. In *Williams,* we held that a 3½-year

delay in obtaining the information would be a material dilution of the insurer's rights.

The plaintiffs were warned repeatedly that their refusal to provide material documentation might lead to a disclaimer under the policy by the defendant *(see, Averbuch v Home Ins. Co.,* 114 AD2d 827). Plaintiffs' continued failure, without reasonable explanation or excuse, to provide the requested information constituted a material breach of the policy precluding recovery by the plaintiffs *(Cabe v Aetna Cas. & Sur. Co.,* 153 AD2d 653). That plaintiffs failed to timely cooperate with the defendant's investigation upon the advice of counsel does not excuse the breach of their obligations *(see, Averbuch v Home Ins. Co., supra,* at 828; *Pizzirusso v Allstate Ins. Co.,* 143 AD2d 340, *appeal dismissed* 73 NY2d 808). Accordingly, summary judgment should have been granted to the defendant unconditionally. Concur—Kupferman, J. P., Ross, Rosenberger, Asch and Wallach, JJ.