Richard B. ROSENTHAL,
Plaintiff–Appellant,

v.

PRUDENTIAL PROPERTY &
CASUALTY COMPANY,
Defendant–Appellee.

No. 603, Docket 90–7255.

United States Court of Appeals,
Second Circuit.

Argued Feb. 1, 1991.

Decided March 1, 1991.

Albert E. Silbowitz, Cedarhurst, N.Y., for plaintiff-appellant.

Paul Kovner, New York City (Franklin D. Tell, Kenneth R. Feit, Tell, Cheser & Breitbart, New York City, of counsel), for defendant-appellee.

Before KEARSE, PRATT and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge:

Plaintiff-appellant Richard B. Rosenthal appeals from an order entered in the United States District Court for the Eastern District of New York (Edward R. Korman, District Judge) granting summary judgment in favor of defendant-appellee Prudential Property & Casualty Company ("Prudential"). Rosenthal, an attorney, commenced this action to recover under an insurance policy issued by Prudential for losses he sustained in a fire. Prudential asserted, as an affirmative defense, that Rosenthal's refusal to submit to an examination under oath ("EUO") constituted a

material breach of the terms of the policy. Following a conditional denial of Prudential's first summary judgment motion, the district court granted Prudential's second summary judgment motion, finding as a matter of law that Rosenthal's continued failure to submit to an EUO constituted a material breach of his obligations under the policy. We affirm.

## BACKGROUND

On October 13, 1988, while Rosenthal's property was insured under the Prudential policy, a fire destroyed the premises. Prudential started a routine investigation into the fire. Three months later, before the investigation was completed, Rosenthal commenced this action on the policy. In its answer, Prudential raised an affirmative defense that Rosenthal had materially breached the contract of insurance by refusing to submit to an EUO.

Shortly thereafter, Prudential moved for summary judgment. In opposition, Rosenthal claimed that his refusal to submit to an EUO was not "willful" because he had relied in good faith on the advice of his counsel. The district court denied the motion "on the condition that [Rosenthal] comply with the contractual obligation for submitting to an examination and inspection."

During the ensuing five months, Rosenthal's EUO was scheduled no less than six times. On one occasion, Rosenthal appeared, testified for two hours and terminated the examination because he had another appointment. Subsequent attempts to complete Rosenthal's testimony failed because he continued to insist on adjournments to accommodate, *inter alia*, his law practice. Two of the adjournments, including the last one on November 8, 1989, were not on Prudential's consent and a default was noted on the record when Rosenthal and his counsel failed to appear for the examination.

Prudential moved a second time for summary judgment. In opposition, Rosenthal again claimed that his refusal was not willful—this time because of scheduling conflicts. Rosenthal professed that he was willing to reschedule the EUO at a mutual-ly convenient date after November 8, 1989, but Prudential refused to agree to any further adjournments. This time the district court granted Prudential's motion, finding that Rosenthal's continued refusal to submit to an EUO was willful and constituted a material breach of his obligations under the insurance policy.

Rosenthal countered with a motion for reargument on "new evidence" grounds. He claimed that Prudential had actually agreed to reschedule the EUO for November 14, 1989. The district court denied the motion for reargument, noting both the inconsistency in Rosenthal's position and the fact that this purported agreement to adjourn until November 14, 1989 was curiously omitted in Rosenthal's opposition to Prudential's second summary judgment motion. Rosenthal now challenges the district court's grant of Prudential's second summary judgment motion and its denial of Rosenthal's motion for reargument.

## DISCUSSION

 The insured's compliance with a request to appear at an EUO is a condition precedent to the insurer's obligation to indemnify. *See Ausch v. St. Paul Fire & Marine Ins. Co.*, 125 A.D.2d 43, 50, 511 N.Y.S.2d 919, 925 (2d Dep't), *appeal denied*, 70 N.Y.2d 610, 522 N.Y.S.2d 110, 516 N.E.2d 1223 (1987) (citing *Bulzomi v. New York Central Mut. Fire Ins. Co.*, 92 A.D.2d 878, 459 N.Y.S.2d 861 (2d Dep't 1983)). The insured's willful failure to appear at an EUO constitutes "a material breach of the cooperation clause and a defense to an action on the policy." *Ausch*, 125 A.D.2d at 50, 511 N.Y.S.2d at 925 (citation omitted). Although Rosenthal has no quarrel with these principles of law, he claims that his conduct was not willful and that he should have one last chance to comply. We disagree.

 When the insured's failure to fulfill his obligations under an insurance policy "is indicative of a pattern of non-co-operation [sic] for which no reasonable excuse for noncompliance has been proffered," *Bulzomi*, 92 A.D.2d at 878, 459 N.Y.S.2d at

862, his conduct is properly deemed willful. *See Lentini Bros. Moving & Storage Co. v. New York Property Ins. Underwriting Assoc.*, 53 N.Y.2d 835, 836, 440 N.Y.S.2d 174, 175, 422 N.E.2d 819, 820 (1981), *aff'g*, 76 A.D.2d 759, 428 N.Y.S.2d 684 (1st Dep't 1980); *Ausch*, 125 A.D.2d at 50, 511 N.Y.S.2d at 925; *Caramanica v. State Farm Fire & Casualty Co.*, 110 A.D.2d 869, 870, 488 N.Y.S.2d 426, 427 (2d Dep't 1985); *Bulzomi*, 92 A.D.2d at 878–79, 459 N.Y.S.2d at 862. The willfulness of Rosenthal's breach seems clear. Purported "scheduling conflicts" simply cannot justify a thirteen-month delay that included six adjournments. *See, e.g., Bulzomi*, 92 A.D.2d at 878, 459 N.Y.S.2d at 862 (refusal willful where insured had three opportunities to appear for EUO).

 The district court's refusal to make the dismissal conditional was also proper. To the extent that New York law allows a recalcitrant insured a "last opportunity" to cooperate, *see Pogo Holding Corp. v. New York Property Ins. Underwriting Assoc.*, 73 A.D.2d 605, 606, 422 N.Y.S.2d 123, 124 (2d Dep't 1979), Rosenthal was afforded such an opportunity when the district court denied Prudential's first summary judgment motion on the condition that he submit to the EUO.

We note, however, that New York courts have recently retreated from affording an insured a "last opportunity" when the insured's refusal to cooperate is willful. *See Evans v. International Ins. Co.*, App.Div., 562 N.Y.S.2d 692 (1990); *Pizzirusso v. Allstate Ins. Co.*, 143 A.D.2d 340, 341, 532 N.Y.S.2d 309, 310 (2d Dep't), *appeal dismissed*, 73 N.Y.2d 808, 537 N.Y.S.2d 478, 534 N.E.2d 316 (1988); *Averbuch v. Home Ins. Co.*, 114 A.D.2d 827, 829, 494 N.Y.S.2d 738, 739–40 (2d Dep't 1985); *Azeem v. Colonial Assurance Co.*, 96 A.D.2d 123, 125–26, 468 N.Y.S.2d 248, 250 (4th Dep't 1983), *aff'd mem.*, 62 N.Y.2d 951, 479 N.Y.S.2d 216, 468 N.E.2d 54 (1984); *Williams v. American Home Assurance Co.*, 97 A.D.2d 707, 708–09, 468 N.Y.S.2d 341, 343 (1st Dep't 1983), *aff'd mem.*, 62 N.Y.2d 953, 479 N.Y.S.2d 216, 468 N.E.2d 54 (1984). Indeed, the New York Court of

Appeals has held, "[w]ithout indicating approval" of *Pogo*, that "[i]n view of the insured's unexcused and willful refusal to comply, there is no reason to deny summary judgment dismissing the complaint unconditionally." *Lentini*, 53 N.Y.2d at 836–37, 440 N.Y.S.2d at 175, 422 N.E.2d at 820. The Court of Appeals' subsequent affirmances of *Azeem* and *Williams* suggest that a finding of willfulness extinguishes any "right" to a "last opportunity." We intend to follow this direction from New York's highest court.

 Finally, we reject Rosenthal's claim that reargument was improvidently denied. As Rosenthal's "new evidence" directly contradicted his earlier factual claims, the district court did not abuse its discretion by disregarding that "new evidence" and denying reargument. *See Reisner v. General Motors Corp.*, 671 F.2d 91, 93 (2d Cir.), *cert. denied*, 459 U.S. 858, 103 S.Ct. 130, 74 L.Ed.2d 112 (1982).

### CONCLUSION

The judgment of the district court is affirmed in all respects.