The **PAUL REVERE LIFE INSUR-ANCE COMPANY, Plaintiff–Counter–Defendant–Appellee,**

v.

John **CAHN, Defendant–Counter–Claimant–Appellant.**

No. 08–1962–cv.

United States Court of Appeals, Second Circuit.

June 2, 2009.

Michael J. Kozoriz, Esq., White & Williams LLP, New York, NY, for Plaintiff.

Brian J. Isaac, Esq., (Michael H. Zhu, Esq., on the brief), Pollack Pollack Isaac & DeCicco, New York, NY, for Defendant.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges.

## *SUMMARY ORDER*

John Cahn appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) granting summary judgment to The Paul Revere Life Insurance Company ("Paul Revere") on its claim for a declaratory judgment that Paul Revere is not obliged to provide any further benefit payment by reason of Cahn's breach of a disability insurance contract. Cahn was injured at his former place of business when an industrial barrel rolled into his leg. He filed a claim under his insurance policy, and Paul Revere paid Cahn benefits under the policy on an interim basis while requesting further information. When Cahn failed to provide certain information, Paul Revere took various enforcement actions culminating in the present lawsuit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

When an insurer demands information from the insured in relation to a claim under a first-party insurance policy, the insured's willful failure to provide the requested information constitutes a breach of the policy that entitles the insurer to disclaim coverage. *See Rosenthal v. Prudential Prop. & Cas. Co.*, 928 F.2d 493, 494–95 (2d Cir.1991); *Lentini Bros. Moving & Storage Co. v. New York Prop. Ins. Underwriting Assoc.*, 53 N.Y.2d 835, 836, 440 N.Y.S.2d 174, 422 N.E.2d 819 (1981). A pattern of non-cooperation may be deemed willful. *Rosenthal*, 928 F.2d at 494–95. The undisputed record evidence shows that Cahn repeatedly failed to provide Paul Revere with information including monthly statements regarding his health and information about his prior employment duties. His willful failure to provide this information entitled Paul Revere to disclaim coverage. The district court's entry of summary judgment in favor of Paul Revere was therefore correct.

Accordingly, we hereby **AFFIRM** the judgment of the District Court.