MDRN Intelligence Living Wolfhome v Hartford Fin. Servs. Group (2023 NY Slip Op 02283)

MDRN Intelligence Living Wolfhome v Hartford Fin. Servs. Group

2023 NY Slip Op 02283

Decided on May 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2023

Before: Kern, J.P., Oing, Kennedy, Shulman, Higgitt, JJ. 

Index No. 650410/21 Appeal No. 149-149A Case No. 2022-03820 

[*1]MDRN Intelligence Living Wolfhome, Plaintiff-Appellant,
v
The Hartford Financial Services Group, Inc., et al., Defendants-Respondents.

Davidoff Hutcher & Citron LLP, New York (William H. Mack of counsel), for appellant.
Lazare Potter Giacovas & Moyle LLP, New York (Yale Glazer of counsel), for respondents.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered February 24, 2022, in favor of defendants The Hartford Financial Services Group, Inc. (Hartford) and Twin City Fire Insurance Company (Twin City), and bringing up for review an order, same court and Justice, entered February 24, 2022, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Where an insured brings an action on a policy of insurance without complying with conditions precedent, the failure to appear for examination under oath (EUO) is an "absolute defense" (Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn. , 76 AD2d 759, 761 [1st Dept 1980], affd 53 NY2d 835 [1981]). Despite plaintiff MDRN's contention that they substantially complied with Twin's City requests for information, the failure to provide repeated requests for documents, to return a signed written transcript of the manager's EUO, to complete the manager's EUO, and to produce the insured's principal for an EUO, despite Twin City's continued warning that the failure to cooperate could result in the declination of coverage, constituted a material breach of the policy precluding recovery by plaintiff (Evans v International Ins. Co. , 168 AD2d 374, 376 [1st Dept 1990]).
The third and fourth causes of action, which allege that Twin City breached the covenant of good faith and fair dealing (contractual and tortious) by failing to compensate them for the 2020 claim were properly dismissed as duplicative of MDRN's breach of contract claim (see New York Univ. v Continental Ins. Co. , 87 NY2d 308, 319-320 [1995]
We have considered MDRN's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2023