■ ALEXANDER & ALEXANDER SERVICES, INC., et al., Appellants, v JON M. MALOFF, Respondent. — Order unanimously affirmed, with costs. Memorandum: In this action seeking an

injunction, an accounting and damages, plaintiffs (A&A) appeal from an order denying their motion for summary judgment. The action is premised upon covenants contained in a written agreement, dated August 4, 1976, for the sale of the insurance brokerage business and goodwill of Shimberg & Gerber, Inc. (SGI). Under the contract, defendant and other shareholders of SGI agreed to transfer all of SGI's stock to A&A in exchange for a certain number of shares of A&A stock. The contract also contemplated the employment by A&A of the SGI shareholders who, in fact, commenced working for A&A immediately after the closing of the sale.

The agreement contains three anticompetition covenants. The first is a covenant by the SGI shareholders not to compete for a period of five years after the sale. The parties agree that this covenant has expired. The second is a covenant by each SGI shareholder that: "For a period of five years after termination of his employment with A&A, he will not, directly or indirectly, solicit, sell, serve, divert or receive insurance business to or from any customer or actively solicited prospective customer of SGI as of the Closing Date". Under the third, each SGI shareholder covenants that: "For a period of five years after termination of his employment with A&A, he will not * * * solicit, sell, serve, divert or receive insurance agency, insurance brokerage * * * business to or from any corporation, partnership or other person which was a customer or actively solicited prospective customer of any A&A office in which the employee worked on a full-time basis within one year prior to termination of his employment, and which customer or prospect was such a customer or prospect within the one year period prior to termination of his employment."

Defendant was employed by A&A in an executive capacity from the closing of the sale until September 16, 1981, when he terminated that employment and commenced work as office manager for the Miller Insurance Agency, a competitor of A&A. Within a short time thereafter, a large number of A&A customers became customers of the Miller Agency, but defendant denies that he ever, directly or indirectly, solicited any of that patronage. At issue on this appeal is whether plaintiffs are entitled to enforce the restrictive covenants as written.

Covenants restricting competition are of several types. Upon the sale of the goodwill of a business, the seller is subject to an implied covenant to refrain from actively soliciting former customers (*Mohawk Maintenance Co. v Kessler,* 52 NY2d 276). Although this is a much narrower duty than that which arises from an express covenant not to compete, the duty is not limited

by time (*Mohawk Maintenance Co. v Kessler, supra,* pp 284-287). If a contract for the sale of a business contains an express covenant not to compete, it will be enforceable if it is reasonable in time, scope and extent (*Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307). In an employment contract, a covenant not to compete must meet not only the foregoing criteria, but will be specifically enforceable only to the extent that it is necessary to protect the employer's legitimate interests, is not harmful to the general public, and is not unreasonably burdensome to the employee (*Reed, Roberts Assoc. v Strauman, supra*). "Indeed, a court normally will not decree specific enforcement of an employee's anticompetitive covenant unless necessary to protect the trade secrets, customer lists or good will of the employer's business, or perhaps when the employer is exposed to special harm because of the unique nature of the employee's services" (*American Broadcasting Cos. v Wolf,* 52 NY2d 394, 403).

The covenants at bar, though arising out of a sales contract, pertain to employment between the parties and, therefore, must meet the criteria applicable to employment contracts.

On the foregoing analysis, we agree with Special Term that this record presents triable questions of fact. (Appeal from order of Supreme Court, Onondaga County, McLaughlin, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and O'Donnell, JJ.