■ CMX LABORATORIES, INC., Respondent, v ARTHUR E. GLENZ, Appellant, et al., Defendants.—Order unanimously affirmed without costs. Memorandum: Special Term properly denied summary judgment to defendant Arthur Glenz on his motion to dismiss plaintiff's complaint and for judgment on his second counterclaim. There are triable issues of fact, such as the nature and extent of Glenz's business relationship with the other defendants, whether Glenz had access to confidential information of the plaintiff and in what capacity Glenz was employed by a competing business established by defendants Polito and Carmichael (see, Victor Temporary Servs. v Slattery, 105 AD2d 1115, 1117; Alexander & Alexander Servs. v Maloff, 105 AD2d 1066). The affidavit of plaintiff's two attorneys, who had firsthand knowledge of the material allegations, was sufficient to defeat the motion (see, Caramanica v State Farm Fire & Cas. Co., 110 AD2d 869). (Appeal from order of Supreme Court, Erie County, Sedita, J.—summary judgment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ WILLIE M. HOLLOMAN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 70936.)—Judgment unanimously reversed on the law without costs and claim dismissed. Memorandum: The trial court erred in concluding that claimant was subjected to "excessive confinement." Claimant had no right to be released on parole in November 1984. Whether to grant parole is a discretionary determination (Tarter v State of New York, 68 NY2d 511) and the claim that if a hearing had been conducted in November 1984, claimant would have been released on parole is mere speculation. Claimant's maximum expiration date was March 14, 1986. Therefore, since claimant's imprisonment until February 1985 was not unlawful, her claim for false or negligent imprisonment must be dismissed (see, Broughton v State of New York, 37 NY2d 451, 456). (Appeal from judgment of Court of Claims, Quigley, J.—false imprisonment.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.