■ ASTECO, INC., Respondent, v FRED L. SMITH, JR., et al., Appellants. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Supreme Court properly interpreted the scope of the noncompetition agreement between plaintiff and defendant, Fred L. Smith, Jr., to include not only laboratory work, as urged by defendants, but "such business as it involves, either directly or indirectly, site investigations, building surveys, sampling and sampling programs, testing and analysis by laboratory means or otherwise, the rendering of consulting services and/or recommendations, and the design of remediation or abatement projects and/or the management of said projects".

Supreme Court properly exercised its discretion in granting plaintiff preliminary injunctive relief. The noncompetition agreement was ancillary to the asset purchase agreement rather than the employment agreement (see, *Kraft Agency v Delmonico,* 110 AD2d 177, 181-182) and, accordingly, it is to be enforced if it is reasonably necessary in time, scope and space, but only to the extent that it is "reasonably necessary to the buyer for the protection of his legitimate interest in the enjoyment of the asset bought" *(Purchasing Assocs. v Weitz,* 13

NY2d 267, 271-272; *see also, Kraft Agency v Delmonico, supra,* at 182; *Alexander & Alexander Servs. v Maloff,* 105 AD2d 1066, 1068).

Here, the noncompetition agreement is reasonable in terms of its scope and time restraints. The record, however, lacks proof that the geographic limitation is reasonable or necessary to protect plaintiff's enjoyment of the goodwill of the business it purchased from defendant. The agreement prevents Smith from competing with plaintiff "either alone or with others, directly or indirectly, as an employee, representative, agent, independent contractor, broker, consultant, partner, owner, director, trustee or stockholder, of any partnership, business, trust, company, corporation or other business entity" from participating "in any business engaged in the business of environmental or asbestos testing or analysis and which is located within a radius of 250 miles of any office of the Company, Huntingdon Analytical Services, Inc. or Huntingdon International Holdings, plc, or any affiliate or subsidiary of any of them". Accordingly, we remit the case to Supreme Court to make a "reasonableness" determination with respect to the geographic limitation appropriate to the noncompetition agreement *(see, Kraft Agency v Delmonico, supra,* at 185). (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Preliminary Injunction.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.