JOHN D. LEE v. STATE FARM FIRE AND CASUALTY COMPANY

No. 8311SC1237

(Filed 2 October 1984)

**Insurance §§ 122, 136— summary judgment—requirements of policy**

    In an action on a fire insurance policy, summary judgment was not proper where there were genuine issues of material fact concerning whether plaintiff complied with the provisions of the policy, and where it was not clear as a matter of law that the parties intended for the production of plaintiff's tax returns if and when requested to be a condition precedent to plaintiff's right to collect under the policy.

    Judge WELLS concurring in result.

APPEAL by plaintiff from *Bowen, Judge* and *Bailey, Judge.* Judgment entered 20 July 1983 in Superior Court, HARNETT County. Heard in the Court of Appeals 20 September 1984.

Plaintiff instituted this action to recover damages from loss by fire of his dwelling house and personal property covered by an insurance policy issued by defendant. Defendant denied liability pleading arson and breach of the policy provisions as a defense. Plaintiff filed a motion for summary judgment which was denied by the superior court, Judge Bowen presiding, by order entered 8 October 1981. Subsequently, defendant filed a motion for summary judgment. On 20 July 1983, the superior court, Judge Bailey presiding, allowed defendant's motion and entered summary judgment for defendant. Plaintiff appealed.

*O. Henry Willis, Jr., for plaintiff appellant.*

*Anderson, Broadfoot, Anderson, Johnson and Anderson, by Henry L. Anderson, Jr., for defendant appellee.*

HILL, Judge.

The question presented by this appeal is whether summary judgment was properly entered for defendant. Summary judgment is proper only when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c); *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972); *Lee v. Shor*, 10 N.C. App. 231, 178 S.E. 2d 101 (1970). An issue is genuine if it "may be maintained by substantial evidence." *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190 (1980); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971).

The evidence in this case shows that the insurance policy under which plaintiff seeks to recover contains the following provision:

The insured, as often as may be reasonably required, shall . . . submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examination all books of account, bills, invoices and other vouchers, or certified copies thereof if originals be lost, at such reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made.

The policy further provides that no suit or action on the policy for the recovery of any claim may be maintained unless all the requirements of the policy have been met.

Pursuant to these provisions of the policy, plaintiff submitted to two examinations under oath. During both examinations, plaintiff repeatedly refused to produce his federal and state tax returns or execute a release whereby defendant could obtain the tax returns. Plaintiff also refused to produce his banking and other financial records and refused to answer various questions concerning his income, his banking history, and his ownership of stocks and bonds. However, at the second examination, plaintiff agreed to execute and apparently did so execute a release authorizing the banks and other lending institutions with whom he had done business to consult with and/or deliver to defendant any and all records requested by it.

In addition at the first examination, plaintiff indicated he would not sign the transcript of the examination when the time came for him to do so. However, it became apparent during the examination that plaintiff did not know how to read. Near the end of the examination, plaintiff stated he would sign the transcript if the court reporter read it to him but not if defendant's attorney read it to him as he did not trust defendant's attorney. Neither examination was in fact ever signed by plaintiff. However, there is nothing in the record to indicate that defendant, who received possession of the transcripts of the examinations after they were prepared, ever presented the transcripts to the plaintiff for his signature.

Defendant based its motion for summary judgment on the grounds "that there exists no genuine issue as to any material fact herein related to the failure of the plaintiff to provide the defendant Federal and North Carolina tax returns as requested and that plaintiff is entitled to a Judgment as a matter of law." In support of its motion, defendant submitted the transcripts of the two examinations under oath taken of plaintiff. Plaintiff filed a response opposing the motion supported by his personal affidavit in which he averred that he never had tax returns for the years in question because he did not file returns for those years, and that defendant's request that plaintiff produce the tax returns was improper in that tax returns are not

"books of account, bills, invoices and other vouchers" and therefore were not within contemplation of the contract. After considering the examinations under oath, the pleadings, and arguments of counsel, Judge Bailey granted defendant's motion for summary judgment on the grounds that:

> there is no material or genuine issue of fact with regard to the Plaintiff's failure to "subscribe" the examination under oath herein involved, failure to "produce for examination all books of accounts, bills, invoices, and other vouchers, or certified copies thereof, if originals be lost" and failure to execute releases tendered for the release of Federal and State tax returns, in direct violation of the contractual provisions herein involved, said obligations being a condition precedent to the filing and institution of the suit herein involved; . . . .

Plaintiff argues the court erred in entering summary judgment for defendant in that there were numerous material issues of fact relating to whether plaintiff complied with the terms of the insurance policy regarding the examinations under oath and the production of documents. Since the insurance policy clearly requires compliance with all of its requirements in order for plaintiff to maintain this action, plaintiff's failure to comply with any one of the conditions set forth in the summary judgment order as a matter of law would be sufficient grounds for upholding the order.

After carefully reviewing the pleadings, the examinations under oath, and the briefs of the parties, we conclude that it is not clear as a matter of law that plaintiff failed to comply with any of the conditions or requirements of the policy. We believe there is sufficient evidence to show that there are genuine issues of material fact concerning whether plaintiff complied with the provisions of the policy including whether plaintiff refused to subscribe the examinations in violation of the policy; whether plaintiff's refusal to produce for examination his banking and other financial records constituted a material breach of the policy in light of his later execution of the release enabling defendant to obtain any and all of plaintiff's bank records, and whether plaintiff failed to comply with the provisions of the policy by failing to produce the tax returns requested by defendant particularly in light of the fact that plaintiff stated he had no such tax returns

because he had not filed returns for those years. In connection with the latter issue, we do not believe it is clear as a matter of law that the parties intended for the production of plaintiff's tax returns if and when requested to be a condition precedent to plaintiff's right to collect under the policy. For these reasons, we hold the superior court erred in entering summary judgment for defendant and that the judgment must be reversed.

Plaintiff also assigns as error on appeal the denial of his motion for summary judgment. Because there are genuine issues of material fact presented by this action as just described, the denial of plaintiff's motion was correct.

Reversed.

Judge ARNOLD concurs.

Judge WELLS concurs in the result.

Judge WELLS concurring in result.

I concur in the result, but would hold that as a matter of law neither bank account records nor income tax returns are "books of account, bills, invoices, and other vouchers" under plaintiff's insurance policy.