(November 19, 1984)

■ Issa Abudayeh et al., Respondents, v Fair Plan Insurance Co., Appellant, et al., Defendants. — In an action to recover on a fire insurance policy, defendant Fair Plan Insurance Co. appeals from so much of an order of the Supreme Court, Nassau County (Stark, J.), dated December 30, 1983, as granted those branches of plaintiffs' motion which were to dismiss the third, fourth, fifth, sixth and seventh affirmative defenses alleged in its answer and dismissed its cross motion for summary judgment on the seventh affirmative defense as moot.

Order affirmed, insofar as appealed from, with costs.

Appellant has raised a number of objections with respect to the propriety of Special Term's order dismissing five of its affirmative defenses, only two of which warrant our discussion. First, it contends that plaintiffs failed to make a diligent effort to procure fire insurance coverage in the normal market as required by section 653 (subd 1, par [a]) of the Insurance Law. Appellant asserts that plaintiffs' failure to abide by this statutorily mandated precondition precludes them from recovery under the policy issued by it. We do not read section 653 so narrowly. Paragraph (a) of subdivision 1 of section 653 provides, in relevant part, that "[a]ny person * * * who has made a diligent effort in the normal insurance market to procure fire insurance * * * shall * * * be entitled to apply to the association for such coverage". It is clear that this "diligent effort" requirement is one of

the qualifications entitling a person to *apply* for high-risk fire insurance coverage, but we do not agree with appellant that the Legislature intended to permit the insurer to avoid its obligations under an otherwise valid policy merely because at the time a claim is made there is evidence that the insured, as an applicant, failed to comply with section 653 of the Insurance Law. Of course, this is not to say that the insurer does not have the right to ascertain whether an applicant has met this requirement and, if not, to refuse to issue a policy on that basis. However, once the policy has been issued and no fraud in the application process shown, the insurer is deemed to have waived its right to deny coverage because of the insured's failure to diligently seek insurance in the normal insurance market and cannot subsequently assert that the policy is void.

In the case at bar, there is nothing in the record to suggest that plaintiffs fraudulently procured their policy with appellant. Nothing in the contract itself permitted the policy to be later voided in the event that appellant learned of and was able to prove noncompliance with the "diligent effort" requirement. Since appellant is not aided by section 653 (subd 1, par [a]) of the Insurance Law, Special Term properly dismissed its seventh affirmative defense and its cross motion for summary judgment on that same defense.

Second, appellant urges that plaintiffs' failure to appear, upon written request, for examinations under oath as required by the terms of the contract and section 168 of the Insurance Law was a legally meritorious defense which Special Term should not have summarily dismissed. According to appellant, there was a question of fact as to whether plaintiffs' failure to appear was excusable under the circumstances.

The contract of insurance provides, in relevant part, that "[t]he insured, as often as may be reasonably required, shall * * * submit to examinations under oath by any person named by this Company". It also provides that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with".

It is well established that the failure of an insured to submit to an examination under oath is an absolute defense to a claim under the insurance policy and compliance with a subsequent demand for an examination as part of pretrial discovery pursuant to CPLR article 31 will not cure the defect (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins. Underwriting Assn.*, 76 AD2d 759, affd 53 NY2d 835). Recovery will be denied where the plaintiff insured has engaged in a pattern of noncooperation

for which no reasonable excuse has been proffered (*Bulzomi v New York Cent. Mut. Fire Ins. Co.,* 92 AD2d 878). For example, where a plaintiff's attorney twice adjourned the examination, and shortly before the last adjourned date he canceled the same, refusing to give a reason, and set no future date for compliance and his belated explanation for noncompliance was not a reasonable excuse, it was proper to grant summary judgment in favor of the defendant insurer (*Azeem v Colonial Assur. Co.,* 96 AD2d 123, affd 62 NY2d 951).

The facts of the instant case are readily distinguishable from those in both *Bulzomi* (*supra*) and *Azeem* (*supra*). Plaintiffs, through their attorney, were at all times willing to submit to examinations under oath but not at the location or on the date originally specified by appellant. As a result of various correspondence between the parties' attorneys, it appears that the problem with location was eventually resolved. As far as arranging a mutually convenient date was concerned, plaintiffs' counsel asked that the examinations be adjourned because of various reasons having to do with illness, convenience of plaintiffs and the unavailability of plaintiffs' counsel, which were fully explained and not indicative of dilatory tactics, as urged by appellant. There is no evidence that the examinations were not rescheduled by virtue of plaintiffs' refusal to submit to them. Rather, the difficulty was due to appellant's unwillingness to conduct the same without first receiving a duly executed nonwaiver agreement which was unrelated to, and not required by, the terms of the policy. Thus, it is clear that plaintiffs were always willing to comply with appellant's request but not on the unreasonable terms insisted upon as a condition to rescheduling the examination dates. Therefore, plaintiffs substantially performed their obligation to cooperate and cannot be held accountable for appellant's failure to conduct the examinations (cf. *Bulzomi v New York Cent. Mut. Fire Ins. Co., supra*).

We have reviewed appellant's other contentions and find them to be without merit. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.