ELLA RUTH BAKER, PLAINTIFF/APPELLANT v. INDEPENDENT FIRE INSURANCE COMPANY, DEFENDANT/APPELLEE

No. 903SC689

(Filed 16 July 1991)

Insurance § 122 (NCI3d)— fire insurance—refusal of examination under oath—summary judgment for defendant

The trial court correctly granted summary judgment for defendant on a fire insurance claim where plaintiff refused to be examined under oath until after suit was filed. Plaintiff's policy required her to submit to an examination under oath when reasonably requested.

Am Jur 2d, Insurance § 1364.

APPEAL by plaintiff from order entered 8 February 1990 by Judge Thomas Watts in PITT County Superior Court. Heard in the Court of Appeals 6 May 1991.

Fitch, Wynn & Associates, by Reginald Scott, for plaintiff appellant.

Yates, McLamb & Weyher, by R. Scott Brown and Andrew A. Vanore, III, for defendant appellee.

PHILLIPS, Judge.

Plaintiff appeals the dismissal by summary judgment of her action under an insurance policy for fire damage done to her house and personal property on 12 April 1989. Her action was dismissed because before filing suit plaintiff refused to submit to an examination under oath concerning the circumstances of the fire as defendant requested and the policy terms required. Since the record does

BAKER v. INDEPENDENT FIRE INSURANCE CO.

[103 N.C. App. 521 (1991)]

not contain any assignments of error, we are only required to examine the face of the record for error; but waiving that deficiency it is obvious that the court did not err in dismissing the action, and we affirm.

Defendant's policy (and by virtue of the enactment of G.S. 58-44-15 every other fire insurance policy issued in this state) contains the following provisions: "No action can be. brought unless the policy provisions have been complied with . . ." and your duties after loss are "f. as often as we reasonably require . . . (3) submit to examination under oath." Compliance with these and companion provisions has been held to be a condition precedent to suing on a fire policy. *Huggins v. Hartford Insurance Co.*, 650 F.Supp. 38 (E.D.N.C. 1986); *Chavis v. State Farm Fire and Casualty Co.*, 317 N.C. 683, 346 S.E.2d 496 (1986).

The materials of record, including defendant's requests for admission that plaintiff did not object or respond to within the time allowed by Rule 36, N.C. Rules of Civil Procedure, establish the following uncontradicted facts: On 21 July 1989 defendant in writing requested plaintiff to submit to an examination under oath on Tuesday, 8 August 1989, at the office of her lawyer; on 1 August 1989 plaintiff, through her counsel, refused this request and filed the action on 23 October 1989. These facts establish as a matter of law that plaintiff did not comply with a condition precedent to bringing suit on the policy and that the dismissal of her action was proper.

In arguing otherwise, plaintiff points only to the following: Her affidavit, which states in effect that she thought being examined under oath before suit was filed would not accomplish anything and that she was willing to be examined after suit was filed; and counsel's letter to the insurance company dated 1 August 1989 stating that plaintiff would not submit to an examination before suit, but would be willing to be examined under oath later after suit was filed. These materials support, rather than discredit, the dismissal order. The policy required plaintiff to submit to an examination under oath when reasonably requested before suit was filed and she refused to be so examined. Her willingness to be examined after suit was filed did not meet the requirement.

Affirmed.

Judges ARNOLD and WELLS concur.