IRVING FINEBERG, Plaintiff v. STATE FARM FIRE AND CASUALTY CO., Defendant

No. 9315SC164

(Filed 1 February 1994)

**Insurance § 1231 (NCI4th)— fire insurance—requirement of examination under oath—heart patient**

The trial court correctly granted summary judgment for defendant in an action on a fire insurance policy where plain-

tiff gave an unsworn statement to defendant's employee, plaintiff submitted a sworn statement in his proof of loss, plaintiff did not submit to an examination under oath because he had already suffered five heart attacks, and defendant denied the claim. It is clear that plaintiff failed to comply with a stated condition precedent of the policy and the Court of Appeals declined to create an exception to the mandatory nature of the condition because the enactment of a specific exception in N.C.G.S. § 58-44-50 indicated a legislative intent to limit the general proliferation of exceptions. Finally, the first recorded investigative interview did not constitute an examination under oath for purposes of compliance.

**Am Jur 2d, Insurance §§ 2009 et seq.**

Appeal by plaintiff from order entered 16 November 1992 by Judge Lester P. Martin in Alamance County Superior Court. Heard in the Court of Appeals 6 December 1993.

On 24 October 1991, plaintiff filed suit against defendant requesting that the court order defendant to pay pursuant to the fire insurance policy issued by defendant to plaintiff. Plaintiff alleged defendant issued a policy undertaking to indemnify and compensate plaintiff for loss due to fire, with maximum coverage set at $200,000.00, and that fire destroyed his home during the coverage period. Finally, plaintiff alleged compliance with all conditions and terms of the policy.

Defendant's answer, filed 2 January 1992, admitted denial of plaintiff's claim. By way of defense, defendant alleged that plaintiff failed to submit to an examination under oath, as required by the policy, and that this refusal barred both recovery under the policy and filing suit. Accordingly, defendant moved for summary judgment on the basis that plaintiff failed to comply with all conditions precedent by failing to submit to an examination under oath.

Defendant produced several affidavits in support of its motion. These affidavits revealed that plaintiff received several letters demanding an examination under oath yet failed to attend any of the scheduled examinations. The affidavits also revealed that Ken Davis, defendant's employee, took an unsworn statement from the plaintiff on 18 November 1988 as part of his investigation. Later, plaintiff submitted a sworn statement in his proof of loss on 19 December 1988. Mr. Davis confirmed that plaintiff never

FINEBERG v. STATE FARM FIRE AND CASUALTY CO.

[113 N.C. App. 545 (1994)]

submitted to an examination under oath, as required by the policy terms, nor did he produce the documents requested in the notice of examination sent to plaintiff.

Plaintiff also produced several affidavits in response to defendant's motion for summary judgment. In his own affidavit, plaintiff denied receiving defendant's letters requesting an examination. Plaintiff stated that he has had five heart attacks since 1975, moved to North Carolina in order to live in close proximity to Duke Hospital, and that stress causes him great anxiety and fear of another attack. Plaintiff claimed that his medical problems prevented him from submitting to an examination under oath and that he had proposed, alternatively, that he answer written questions under oath but that defendant rejected this proposal.

Plaintiff's friend submitted an affidavit stating that he believed that the investigative questioning that took place in November had been an examination under oath. David Frid, M.D., plaintiff's treating physician, stated that stress can cause a heart patient severe anxiety and fear of getting another heart attack. Dr. Frid also confirmed that plaintiff had already suffered five heart attacks and moved to live in close proximity to a hospital.

Judge Martin granted defendant's amended motion for summary judgment. From this order, plaintiff appeals.

*Steven Klein for plaintiff appellant.*

*Yates, McLamb & Weyher, by R. Scott Brown and O. Craig Tierney, Jr., for defendant appellee.*

ARNOLD, Chief Judge.

The sole question presented by plaintiff's appeal is whether the trial court erred in granting summary judgment in favor of the defendant. The trial court granted summary judgment on the basis that plaintiff failed to comply with all conditions precedent under his insurance policy in failing to submit to an examination under oath. The trial court relied in part on this Court's opinion in *Baker v. Independent Fire Insurance Company,* 103 N.C. App. 521, 405 S.E.2d 778 (1991), in making its determination. In *Baker,* the insured's case against the insurer was dismissed because the insured failed to submit to an examination under oath, as required by policy terms. This Court affirmed the dismissal, noting that plaintiff had failed to comply with a condition precedent of the policy.

Like the policy in *Baker*, defendant's policy requires the insured to submit to an examination under oath. In addition, compliance with all policy requirements is a condition precedent to bringing suit against the insurer under the policy. Compliance with a condition in a fire insurance policy, such as the examination under oath provision, has "been held to be a condition precedent to suing on a fire policy." *Baker*, 103 N.C. App. at 522, 405 S.E.2d at 778. The objective of this particular provision is "to enable the insurance company to obtain information to determine the extent of its obligation and to protect itself from false claims." *Chavis v. State Farm Fire and Casualty Co.*, 79 N.C. App. 213, 215, 338 S.E.2d 787, 789, *rev'd on other grounds*, 317 N.C. 683, 346 S.E.2d 496 (1986). Moreover, failure to comply with these conditions precedent bars recovery as well as the right to bring suit under the policy. *See* 5A John A. Appleman and Jean Appleman, Insurance Law and Practice § 3549 (1970 & Supp. 1993) (citing jurisdictions which hold that failure to submit to an examination under oath constitutes material breach and is a defense to an action on the policy).

In this case, it is clear that plaintiff has failed to comply with a stated condition precedent. Plaintiff urges this Court, however, to create an exception to the mandatory nature of this condition and apply a good cause exception like that found in N.C. Gen. Stat. § 58-44-50 (1991). G.S. § 58-44-50 excuses untimely filing of proof of loss, another condition precedent, where good cause is shown. We decline to create such an exception, believing instead that the legislature's enactment of that specific exception indicates an intent to limit the general proliferation of exceptions in this area.

We also disagree with plaintiff's contention that this case is closer to *Lee v. State Farm Fire and Casualty Company*, 70 N.C. App. 575, 320 S.E.2d 413 (1984), than *Baker*. In *Lee*, this Court reversed the trial court's summary judgment order after finding that genuine issues of fact existed regarding whether plaintiff did in fact comply with the conditions precedent of the fire insurance policy. Unlike *Lee*, it is clear plaintiff did not comply with the condition and that plaintiff only seeks relief from the mandatory nature of the condition. Furthermore, in *Lee* this Court stated that "[s]ince the insurance policy clearly requires compliance with all of its requirements in order for plaintiff to maintain this action, plaintiff's failure to comply with any one of the conditions . . . as a matter of law would be sufficient grounds for upholding the order." *Id.* at 578, 320 S.E.2d at 415.

Finally, we are not persuaded by plaintiff's arguments that the first recorded investigative interview constituted an examination under oath for purposes of compliance. *See* 5A Appleman, *supra* § 3549 (stating that an insured's recorded statements not given under oath are insufficient to meet the examination under oath requirement).

Accordingly, the order of the trial court is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.