14-2119-cv
*Wingates, LLC v. Commonwealth Ins. Co. of Am.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand fifteen.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE WINGATES, LLC, MATRIX REALTY GROUP, INC.,

        *Plaintiffs-Appellants*,

        v.                           14-2119-cv

COMMONWEALTH INSURANCE COMPANY OF AMERICA,

        *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        HARRIS J. ZAKARIN, Harris J. Zakarin, P.C., Melville, New York, *and* Gerard J. McCreight, Port Jefferson Station, New York.

FOR DEFENDANT-APPELLEE:        PETER E. KANARIS, Jefferson D. Patten,
                               Fisher Kanaris, P.C., Chicago, Illinois, *and*
                               Michael A. Troisi, Cheryl F. Korman, Rivkin
                               Radler LLP, Uniondale, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants The Wingates, LLC and Matrix Realty Group, Inc. (together, "Wingates") appeal from a judgment of the district court entered on May 19, 2014 in favor of defendant-appellee Commonwealth Insurance Company of America ("Commonwealth") dismissing the complaint. By Memorandum of Decision and Order entered the same day, the district court granted Commonwealth's motion for summary judgment, and denied Wingates' motion to reopen discovery and permit additional expert discovery. This matter arises from an insurance coverage dispute following a fire that damaged buildings owned by Wingates and insured by Commonwealth. We assume the parties' familiarity with the facts, procedural history, and issues for review, which we briefly summarize before assessing the merits.

Commonwealth issued an insurance policy (the "Policy") to Wingates, the owner of an apartment complex in Columbus, Ohio. The Policy insured against various losses at the complex, including those caused by fire. It provided that the insured must submit to "examinations under oath" ("EUO") and provide documentation related to the

insured property as "often as may be reasonably required." J. App. at 178. The Policy also contained a misrepresentation and fraud provision, voiding the policy in the event of concealed or misrepresented material circumstances concerning the coverage. Following a fire that destroyed one insured building and damaged another, Wingates filed an insurance claim and sworn statements attesting to the value of its loss. Commonwealth began investigating the claim, and requested various items from Wingates, including documentation and photographs relating to the buildings' pre-fire condition, and information regarding the apparent vacancy and value of the buildings. Commonwealth also invoked the EUO requirement and asked to examine Wingates employees about the claimed loss. Wingates received these requests and chose not to submit to the examinations. Wingates did so against the advice of their adjuster and in light of the adjuster's warning that failure to submit to an EUO would violate the Policy.

Shortly thereafter, and prior to the completion of Commonwealth's investigation, Wingates filed this action in New York Suffolk County Supreme Court. The case was subsequently removed to the district court below. During the course of litigation, Commonwealth deposed several Wingates employees and conducted extensive discovery concerning the vacancy and value of the destroyed buildings. Wingates, on the other hand, conducted no discovery, took no depositions, made no document requests, and disclosed no expert testimony. Nearly eight months after the close of discovery, and four months after Commonwealth had moved for summary

judgment, Wingates requested that the magistrate judge reopen discovery so that it could provide expert disclosures.

By its decision filed May 19, 2014, the district court granted Commonwealth's motion for summary judgment and denied Wingates' motion to reopen discovery. We affirm for substantially the reasons set forth by the district court.

## A.    Summary Judgment

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). On summary judgment, the court must consider "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The district court correctly concluded that, as a matter of law, Wingates materially breached the Policy's cooperation provision by failing to comply with the EUO requirement. It is undisputed that the Policy contained an EUO provision and that Wingates failed to comply when requested. Under New York law, an insured's "willful failure to appear at an EUO constitutes 'a material breach of the cooperation clause and a defense to an action on the policy.'" *Rosenthal v. Prudential Prop. & Cas. Co.*, 928 F.2d 493, 494 (2d Cir. 1991) (quoting *Ausch v. St. Paul Fire & Marine Ins. Co.*, 511

N.Y.S.2d 919, 925 (2d Dep't 1987)); *Abudayeh v. Fair Plan Ins. Co.*, 481 N.Y.S.2d 711, 713 (2d Dep't 1984) ("It is well established that the failure of an insured to submit to an examination under oath is an absolute defense to a claim under the insurance policy . . . .").

On appeal, Wingates claims that its failure to submit to an EUO was not "willful" in light of its partial cooperation in the insurer's investigation. Although Wingates did provide some documentation and acquiesced to Commonwealth's site visits, these facts do not create a genuine issue as to the willfulness of their failure to submit to an EUO. As the district court pointed out, Wingates' repeated failure to respond to the insurer's requests for EUOs -- against the advice of their adjuster and with the knowledge of later repercussions for its failure to do so -- demonstrate as a matter of law that the breach was entirely willful. Moreover, even assuming Wingates provided substantial information, including via sworn proofs of loss, Commonwealth was entitled to seek EUOs and further information.

Wingates also argues on appeal that a question of fact remains as to whether Commonwealth had repudiated its obligations under the policy prior to Wingates' breach. Although repudiation would excuse a failure to submit to an EUO, *see Igbara Realty Corp. v. N.Y. Prop. Ins. Underwriting Ass'n*, 63 N.Y.2d 201, 217-18 (1984), repudiation by an insurer must be a "distinct[], unequivocal[], and absolute[] refus[al] to perform its obligations under the policy," *Varda, Inc. v. Ins. Co. of N. Am.*, 45 F.3d 634,

638 (2d Cir. 1995). On the record presented to the district court here, no reasonable trier of fact could find repudiation.

We have considered Wingates' other arguments as to why they were not in breach of the contract and find them without merit.

**B.      Denial of Leave to Reopen Discovery**

Wingates argues that the district court abused its discretion in refusing to allow them to reopen discovery for the purposes of disclosing an expert witness pursuant to Federal Rule of Civil Procedure 26(a)(2). Denial of leave to amend a set scheduling order is reviewed for abuse of discretion. *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003). We have reviewed Wingates' arguments on appeal and the proceedings below, and we find no abuse of discretion in the district court's denial of this motion.

We have considered all of Wingates' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk