■ CONFERENCE ASSOCIATES, INC., Appellant, v TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Respondent. [914 NYS2d 310]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to reimburse the plaintiff under a certain commercial crime insurance policy without an offset, and to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Emerson, J.), entered October 2, 2009, which, among other things, granted the defendant's cross motion for summary judgment, in effect, declaring that the defendant is not obligated to reimburse it under the insurance policy and dismissing the second and third causes of action, and (2) a judgment of the same court entered November 27, 2009, which, upon the order, is in favor of the defendant and against it declaring that the defendant is not required to reimburse it under the insurance policy and dismissing the second and third causes of action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On the defendant's cross motion for summary judgment, in effect, declaring that it is not obligated to reimburse the plaintiff under a certain commercial crime insurance policy and dismissing the second and third causes of action, inter alia, to recover damages for breach of contract, the defendant established its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) by demonstrating that the plaintiff breached its obligation under the policy to cooperate in the investigation of the claim (*see Evans v International Ins. Co.*, 168 AD2d 374 [1990]). Since, in opposition, the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted the defendant's cross motion,

declared that the defendant is not obligated to reimburse the plaintiff under the policy, and dismissed the second and third causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The plaintiff's remaining contentions either are without merit or have been rendered academic in light of our determination. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.