Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y. (2018 NY Slip Op 08526)





Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y.


2018 NY Slip Op 08526


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-03541
 (Index No. 707005/14)

[*1]Tec-Crete Transit Mix Corp., plaintiff, 
v
Great American Insurance Company of New York, appellant.


Mound Cotton Wollan & Greengrass LLP, New York, NY (Kevin F. Buckley and Daniel M. O'Connell of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for breach of a commercial insurance policy, the defendant appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered March 22, 2017. The order denied the defendant's unopposed motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff, Tec-Crete Transit Mix Corp., was insured under a commercial insurance policy issued by the defendant, Great American Insurance Company of New York. The plaintiff's facility was damaged on October 29, 2012, as a result of Hurricane Sandy. The plaintiff thereafter filed a claim with the defendant to recover for property damage and loss of business income. Although the parties resolved the claim for property damage, and the defendant made a payment to the plaintiff on its claim for loss of business income, the defendant demanded additional documentation to support any further payment for loss of business income and continuing expenses. The plaintiff thereafter commenced this action to recover additional payment on its claim for loss of business income and continuing expenses. Following discovery, the defendant moved for summary judgment dismissing the amended complaint. The Supreme Court denied the motion, and the defendant appeals.
The defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the amended complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The defendant failed to demonstrate, prima facie, that the plaintiff breached its obligation under the policy to cooperate in the investigation of the claim (cf. Conference Assoc., Inc. v Travelers Cas. & Sur. Co. of Am., 80 AD3d 552; Evans v International Ins. Co., 168 AD2d 374). Further, the defendant failed to establish, prima facie, that the plaintiff could not prove recoverable damages in excess of those amounts already paid by the defendant. Rather, the evidence submitted by the defendant in support of its motion demonstrated the existence of triable issues of fact with respect to these questions. Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion for summary judgment dismissing the amended complaint.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court